UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE MILLICAN,

   Plaintiff,          Case No.:

v.                  Hon.

DOLLAR TREE STORES, INC.,

   Defendant.

---

David A. Nacht (P47034)
Fabiola A. Galguera (P84212)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main St., Suite 555
Ann Arbor, Michigan 48104
(734) 663-7550
dnacht@nachtlaw.com
fgalguera@nachtlaw.com

---

**COMPLAINT AND JURY DEMAND**

Plaintiff, Christine Millican, by and through her attorneys, NACHTLAW, P.C., hereby alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This is an action for Age Discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* and Age

Discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2202(1).

2. Plaintiff Millican is a 77-year-old woman.

3. She is an individual residing in Jackson, Jackson County, Michigan.

4. Defendant Dollar Tree Stores, Inc. ("Dollar Tree") is a foreign profit corporation incorporated under the laws of the State of Virginia, operating in Michigan.

5. This Court has jurisdiction pursuant to 29 U.S.C. § 626(c) (age discrimination); 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1343(a)(4) (jurisdiction over civil rights claims). This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff Millican's state law claim of age discrimination in violation of the ELCRA, MCL 37.2101, *et seq*.

6. Venue is proper in this Court under 28 U.S.C. § 1391 and 29 U.S.C. § 621 et seq. as this is the judicial district in which the unlawful employment practices occurred.

7. Defendant Dollar Tree is an employer and Plaintiff Millican is an employee within the meaning of the ADEA and the ELCRA.

8. Plaintiff Millican filed a timely charge of discrimination concurrently with the Equal Employment Opportunity Commission ("EEOC") and the Michigan

Department of Civil Rights ("MDCR") alleging age discrimination (76 years old at the time of the events).

9. Plaintiff Millican's charge was filed within 300 days of the commission of the unlawful employment practices alleged in this claim.

10. The EEOC sent Plaintiff Millican her notice of right to sue on or about November 3, 2020, and Plaintiff Millican has filed this Complaint within 90 days of receiving her notice of rights.

## STATEMENT OF FACTS

### Plaintiff Millican applies to work at Defendant Dollar Tree's Jackson, Michigan location

11. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

12. Plaintiff Millican was born on March 12, 1943.

13. She worked in fine jewelry sales for the majority of her life.

14. She has worked for retailers such as Silverman Factory Jewelers, International Diamond & Gold, Whitehall Jewelers, Michaelson's Jewelers, Brendan Jewelers, Friedman Jewelers, and Zales.

15. Many of these positions were in store management.

16. She held these positions in different states, helping stores train new employees and effectuate store clean-ups and turnarounds.

17. During her last job in jewelry in 2008, Plaintiff Millican was awarded an employee achievement award for her contributions to the store.

18. While fine jewelry is her true passion, Plaintiff Millican had to leave the industry because it is a field that generally requires frequent travel.

19. She began working in customer service in Jackson, Michigan.

20. Plaintiff Millican took time out of the work force due to injury, but in 2019 she was able to return to work.

21. On or about March 14th, 2019, she went to Defendant Dollar Tree's Jackson, Michigan location at 3140 E. Michigan Avenue.

22. She approached an employee who identified herself as the store manager, Ms. Linda Brown.[1]

23. Plaintiff Millican introduced herself and told Ms. Brown that she wanted to apply for a job.

24. Ms. Brown responded with excitement, telling Plaintiff Millican that the store was hiring.

25. Plaintiff Millican inquired about a position as a cashier.

---

[1] Plaintiff Millican does not recall the name of the manager though she is able to recall what she looked like and the dates during which they interacted. In Defendant Dollar Tree's response to the MDCR/EEOC complaint, it identified the manager as Store Manager Linda Brown based on the information provided by Plaintiff Millican.

4

26. Plaintiff Millican shared with Ms. Brown some of her background and pertinent work experience.

27. Ms. Brown seemed impressed.

28. She even told Plaintiff Millican that she was over-qualified for the position.

29. At this point in time, Ms. Brown did not know Plaintiff Millican's age.

30. Plaintiff Millican appears at least a decade younger than her age.

31. Ms. Brown handed Plaintiff Millican a paper application to fill out, which she completed.

32. She also told Plaintiff Millican that she was hired.

33. Ms. Brown told her to come back next week to get her schedule.

### **Plaintiff Millican returns to the store and is discriminated against on the basis of age**

34. On or about March 21, 2019, Plaintiff Millican returned to Defendant Dollar Tree's Jackson location.

35. She approached Ms. Brown and informed her she was back to get her schedule.

36. Ms. Brown refused to acknowledge and ignored Plaintiff Millican.

37. Plaintiff Millican attempted several times to get Ms. Brown's attention, but she was deliberately ignored.

38. Ms. Brown had no way of knowing Plaintiff Millican's age until she reviewed the application that Plaintiff Millican had filled out the previous week.

39. Plaintiff Millican would not have been treated this way but for her age.

40. Upon information and belief, a similarly-situated younger employee was given Plaintiff Millican's desired position.

41. Defendant Dollar Tree engaged in discriminatory actions against Plaintiff Millican including, but not limited to, refusing to formally hire her after telling her she had a job.

42. Defendant Dollar Tree did so due to Plaintiff Millican's age.

43. On April 23, 2019, Plaintiff Millican filed a charge of discrimination with the MDCR and the EEOC.

44. In a letter sent by Defendant Dollar Tree to the MDCR during the investigation, Defendant Dollar Tree states that Ms. Brown does not recall interviewing and/or offering Plaintiff Millican employment.

45. It further wrote that it does not have a record of the application or any additional new hire paperwork.

46. On or around November 3, 2020, Plaintiff Millican received, in response to the EEOC claim, her right to sue letter and she has filed this Complaint within 90 days of receiving her notice of rights.

47. On December 24, 2020, Plaintiff Millican sent Defendant Dollar Tree a personnel file request.

48. As of the filing of this Complaint, there has been no response from Defendant Dollar Tree.

## COUNT I

## AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621, *et seq.*

49. Plaintiff Millican incorporates by reference the foregoing paragraphs as if fully set forth herein.

50. At all relevant times, Defendant Dollar Tree was an employer and Plaintiff Millican was an employee covered by and within the meaning of the ADEA.

51. Plaintiff Millican is a member of a protected class because of her age: 76 years old at the time of the adverse action

52. Defendant Dollar Tree, by its agents, representatives, and/or employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

53. Defendant Dollar Tree subjected Plaintiff Millican to adverse employment actions, including, but not limited to, failing to formally hire after she had been offered a job position and she had successfully completed an application for that position.

54. But for Plaintiff Millican's age, she would have been formally hired by Defendant Dollar Tree.

55. Defendant Dollar Tree's actions in violation of the ADEA were willful.

56. As a direct and proximate result of Defendant Dollar Tree's wrongful acts, Plaintiff Millican has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and retirement benefits; mental anguish; physical and emotional distress; humiliation and embarrassment; and loss of professional reputation.

57. Defendant Dollar Tree's conduct was done with malice and reckless indifference to Plaintiff's federally protected civil rights, entitling her to punitive damages.

## COUNT II

## AGE DISCRIMINATION IN VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2202(1)

58. Plaintiff Millican incorporates by reference the foregoing paragraphs as if fully set forth herein.

59. At all relevant times, Defendant Dollar Tree was an employer and Plaintiff Millican was an employee within the meaning of the Elliott-Larsen Civil Rights Act, MCL § 37.2101.

60. Plaintiff Millican is a member of a protected class because of her age at the time of the adverse action, 76 years old.

61. Defendant Dollar Tree's actions were motivated by unlawful discrimination against Plaintiff Millican because of her age, including but not limited to the failure to hire.

62. If not for Plaintiff Millican's age, she would have been hired by Defendant Dollar Tree.

63. Defendant Dollar Tree's actions constitute unlawful discrimination against Plaintiff Millican because of her age in violation of MCL § 37.2202.

64. As a direct and proximate result of Defendant Dollar Tree's wrongful acts, Plaintiff Millican has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of fringe and retirement benefits; mental anguish; physical and emotional distress; humiliation and embarrassment; and loss of professional reputation.

## COUNT III

### VIOLATION OF BULLARD-PLAWECKI RIGHT TO KNOW ACT, MCL 423.501, *et seq.*

65. Plaintiff Millican incorporates by reference the foregoing paragraphs as if fully set forth herein.

66. Plaintiff Millican sent a written request for her personnel records, in order to review her application, on December 24, 2020 through undersigned counsel.

67. Defendant Dollar Tree has not sent Plaintiff Millican, or undersigned counsel, her personnel records nor has it advanced or communicated any reason for the refusal.

68. Defendant Dollar Tree failed to provide the file or provide access to the file.

69. Defendant Dollar Tree has therefore violated the Right to Know Act by willfully and knowingly refusing to send Plaintiff Millican a copy of her personnel records or to otherwise respond.

70. Defendant Dollar Tree's willful violation of the Right to Know Act has prejudiced Plaintiff, and entitles Plaintiff to injunctive relief, $200 plus actual damages, costs, and reasonable attorney fees

## RELIEF REQUESTED

For all of the foregoing reasons, Plaintiff Christine Millican demands judgment against Defendant Dollar Tree as follows:

a. Declare the practices and actions of Defendant Dollar Tree as unlawful employment practices in violation of the ADEA and Michigan's ELCRA;

b. Award compensatory damages for monetary and non-monetary loss in whatever amount she is found to be entitled;

c. Award exemplary damages in whatever amount she is found to be entitled;

d. Award lost wages and benefits, past and future, and front pay in whatever amount she is found to be entitled;

e. Award liquidated damages;

f. Award punitive damages in whatever amount she is found to be entitled;

g. Award interest, costs, and reasonable attorney fees; and

h. Award whatever other equitable relief this court finds appropriate.

                                    Respectfully submitted,
                                    NACHTLAW, P.C.

                                    */s/* Fabiola A. Galguera
                                    Fabiola A. Galguera (P84212)
                                    NACHTLAW, P.C.
                                    Attorney for Plaintiff
                                    101 N. Main St., Suite 555
                                    Ann Arbor, Michigan 48104
                                    (734) 663-7550
                                    fgalguera@nachtlaw.com

Date: January 21, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE MILLICAN,

      Plaintiff,   Case No.:

v.   Hon.

DOLLAR TREE STORES, INC.,

      Defendant.

---

David A. Nacht (P47034)
Fabiola A. Galguera (P84212)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main St., Suite 555
Ann Arbor, Michigan 48104
(734) 663-7550
dnacht@nachtlaw.com
fgalguera@nachtlaw.com

---

## DEMAND FOR TRIAL BY JURY

Plaintiff Christine Millican, by and through her attorneys, NACHTLAW, P.C., hereby demands a trial by jury as to all those issues so triable as of right.

        Respectfully submitted,
        NACHTLAW, P.C.

        */s/* Fabiola A. Galguera
        Fabiola A. Galguera (P84212)
        NACHTLAW, P.C.
        Attorney for Plaintiff
        101 N. Main St., Suite 555

Ann Arbor, Michigan 48104
(734) 663-7550
fgalguera@nachtlaw.com

Date: January 21, 2021

13